**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21cv02896-LTB

MARK BUNCH,

      Plaintiff,

v.

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON

      Defendant.

---

**CIVIL CASE SCHEDULING ORDER IN AN ERISA ACTION**

---

The parties submit the following scheduling order this case under 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA").

1. **Jurisdiction.** The parties agree that ERISA governs this case. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 1132(e)(1) & 1132(f). Venue is proper before the Court pursuant to 28 U.S.C. § 1391(a) & (b) and 29 U.S.C. §1132(e)(2).

2. **Consent.** All parties have have not <u>X</u> consented to the exercise of jurisdiction of a Magistrate Judge.

3. **Scheduling Conference.** The Scheduling Conference may be vacated provided the parties file at least seven (7) days in advance of the Conference a joint motion attaching their proposed ERISA Scheduling Order and requesting the Court vacate the Scheduling Conference.

4. **Standard of Review.** The parties do not agree on the standard of review and will brief this issue within their respective briefs on the merits anticipated in No. 7 below.

5.      **Discovery.** Unless the parties have indicated in section 4 above that they do not need discovery, they may serve discovery requests consistent with the principles that the Tenth Circuit has established in *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1162 (10th Cir. 2010) (arbitrary and capricious standard of review); *Jewell v. Life Ins. Co. of N. Am.*, 508 F.3d 1303 (10th Cir. 2010), *cert. denied*, 553 U.S. 1079 (2008) (*de novo* standard of review). If the parties disagree over the permissibility of any discovery request, they will attempt to resolve the dispute by conferring pursuant to D.C.COLO.LCivR 7.1.A. If the parties cannot resolve their dispute, the parties then will bring the dispute before the Court for resolution. The deadline for submission of any motion regarding discovery is **March 1, 2022**. This provision is not intended to alter any judicial officer's practice standards regarding the filing of discovery motions.

6.      **Settlement.** The parties certify that, as required by Fed. R. Civ. P. 26(f), they have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. The Court directs the parties to file a status report concerning settlement five business days prior to the deadline for filing the opening brief on the merits.

7.      **Proposed Schedule.--**The parties propose the following schedule in this case:

(a)     January 18, 2022     Defendant produces bates stamped administrative record to plaintiff.

(b)     March 1, 2022     Discovery cut off.

(c)     April 5, 2022     Deadline for motion to supplement the administrative record.

(d)     May 3, 2022     Defendant submits copy of the administrative record to the Court.

(e)     June 14, 2022     Plaintiff's opening brief on the merits.

(f)     July 12, 2022     Defendant's response brief on the merits.

(g)    July 26, 2022          Plaintiff's reply brief on the merits.

(h)    August 5, 2022        Joint Motion for Determination.

[*Note: The parties should be prepared to have the case submitted to the Court no later than approximately one year after filing of the action.*]

DATED this 26th day of January, 2022.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge